JOE PARKS v. STATE.

No. A-689.   Opinion Filed November 4, 1911.

Appeal from Harmon County Court; C. W. King, Judge.

Smith C. Matson, Asst. Atty. Gen., for the State.

PER CURIAM.   On the 5th day of February, 1910, appellant was convicted in the county court of Harmon county for violating the prohibitory liquor law and his punishment was assessed at a fine of $50 and 30 days imprisonment in the county jail.   Under the law appellant had 30 days from the date of judgment in which to prepare and serve his case-made, but appellant did not serve his case-made until the 16th day of March, 1910.   The case-made was therefore filed too late and must be stricken from the record.   We must therefore consider the case upon the transcript of the record alone.   The appeal was filed in this court on the 31st day of March, 1910, since which time no brief has been filed in behalf of appellant.   We find no fundamental error in the record.   We must therefore affirm the conviction.   See Price v. State, 5 Okla. Cr. 147.   The judgment is therefore in all things affirmed, with directions to the trial court to proceed with the execution of its judgment.

---

CLARENCE CANADY v. STATE.

No. A-1139.   Opinion Filed November 4, 1911.

Appeal from Harmon County Court; C. W. King, Judge.

D. T. Moore, for appellant.

Smith C. Matson, Asst. Atty. Gen., for the State.

Appellant was prosecuted for a violation of the prohibitory liquor law and his punishment was assessed at a fine of $50 and 30 days imprisonment in the county jail.   Appealed.   Affirmed.

PER CURIAM.   The state has filed a motion to dismiss this appeal because not perfected within the time required by law.   Upon an examination of the record we do not think that this motion should be sustained.   It is true that the testimony could be clearer and more convincing, but the issues were clearly submitted by the court to the jury, and we cannot say that the verdict of the jury is contrary to the evidence.   Where there is any testimony in a record from which the jury could legitimately reach the conclusion of guilt, this court will not reverse a conviction.   The appellant offered no testimony in his own behalf.   Appellant reserved only a general exception to the charge of the court and does not attempt, in the brief filed by his counsel, to point out any material error in the record.   The judgment of the lower court is therefore affirmed.